IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRY J. SELLERS, | ) |
| Petitioner, | ) 8:15CV192 |
| V. | ) |
| SCOTT FRAKES, Director of the Nebraska Department of Corrections, and STATE OF NEBRASKA, | ) **MEMORANDUM AND ORDER** |
| Respondents. | ) |

This matter is before the court on Petitioner's Petition for Writ of Habeas Corpus ("petition"). (Filing No. 1.) Respondent argues that the petition is barred by the limitations period set forth in 28 U.S.C. § 2244(d). The court agrees and will dismiss the petition with prejudice.[1]

## I. BACKGROUND

Petitioner was convicted of two counts of first degree murder, one count of attempted murder, and three counts of use of a deadly weapon to commit a felony. *State v. Sellers*, 279 Neb. 220, 223, 777 N.W.2d 779, 784 (2010). The conviction was affirmed on direct appeal by the Nebraska Supreme Court on January 15, 2010, and the mandate issued on January 26, 2010. (Filing No. 12-1 at CM/ECF p. 6.)

---

[1] Respondent did not actually file a motion for summary judgment or answer in this case. Rather, Respondent filed state court records and a "Brief in Support of Respondent's Motion for Summary Judgment." (Filing Nos. 12, 13.) Nonetheless, Petitioner filed a "Response to the State's Motion for Summary Judgment" (Filing No. 14), as well as a "Memorandum Brief in Opposition to State's Motion for Summary Judgment." (Filing No. 15.)

Petitioner filed a motion for post-conviction relief on April 18, 2011. (Filing No. 12-2 at CM/ECF p. 1.) The denial of the post-conviction motion was affirmed by the Nebraska Supreme Court on February 6, 2015, and the mandate on Petitioner's post-conviction motion issued on February 23, 2015. (Filing No. 12-1 at CM/ECF p. 10.) Petitioner filed his Petition for Writ of Habeas Corpus in this court on June 1, 2015. (Filing No. 1.)

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates. 28 U.S.C. § 2244(d)(1).  Here, Petitioner apparently does not dispute, and there is otherwise no doubt, that he filed his petition for federal habeas relief more than one year from any of these four dates. (*See* Filing No. 15 at CM/ECF p. 2.) Instead, Petitioner maintains that the limitations period is subject to equitable tolling and that he is excused from the procedural bar of the statute of limitations by the miscarriage of justice exception. The court disagrees with Petitioner's contentions.

### A. **Equitable Tolling**

Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006).

It is unclear what "extraordinary circumstance" Petitioner contends prevented him from timely filing his petition. However, even assuming Petitioner could establish that some extraordinary circumstance made it impossible for him to file his petition on time, Petitioner has not shown that he pursued his rights diligently. The mandate on Petitioner's direct appeal was entered on January 26, 2010, but he did not

file his motion for post-conviction relief until April 18, 2011. Then, Petitioner waited another three months after his post-conviction action was complete to file his petition in this court. Petitioner has not explained what he did during those periods of time to pursue any of the claims raised in his petition. For these reasons, Petitioner has not demonstrated that he is entitled to equitable tolling of the limitations period.

### B. Miscarriage of Justice

Petitioner has likewise failed to show that he is entitled to the protections of the miscarriage of justice exception. In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception. A habeas petitioner, who seeks to overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 324-27.

Petitioner has not presented the court with any reason to excuse him from the procedural bar of the statute of limitations under the miscarriage of justice exception. Petitioner has produced no new evidence in support of a claim that he is actually innocent.

For the foregoing reasons, the court will dismiss Petitioner's petition with prejudice.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas

3

corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED:

1. Petitioner's petition is dismissed with prejudice, and the court will not issue a certificate of appealability in this matter.

2. The court will enter a separate judgment in accordance with this order.

DATED this 29th day of April, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge